IN RE FREEHOLDERS PETITION OF WILBERT H. AND SELMA L. SCHWANEBECK.
WILBERT H. SCHWANEBECK ET AL., APPELLANTS, V. EDWARD BRUNKEN ET AL., APPELLEES.
162 N. W. 2d 225

Filed November 1, 1968. No. 36951.

Moyer & Moyer, for appellants.

McFadden & Kirby, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA, ACH, and GARROTTO, District Judges.

SMITH, J.

An administrative board denied a petition of Wilbert H. Schwanebeck and wife for translocation of their land from School District No. 33 of Platte County. The district court dismissed the petition on appeal, and peti-

tioners have appealed to this court. The question is whether district No. 33 was a nonaccredited high school district within the meaning of a statutory requirement for translocation.

District No. 33 in February 1967 was a nonaccredited high school district, Class II. On March 3 at a special meeting and election held by the district the following question was submitted to the voters: "Shall * * * (the district) discontinue its high school and close the same commencing with the school year 1967 to 1968, and thereupon become a Class I District * * *?" The affirmative of the question carried. The petition, filed March 31, was denied by the administrative board on May 17. The district was still maintaining nonaccredited high school grades.

Class I includes any district that maintains only elementary grades under one board. The symbol Class II includes any district that has 1,000 inhabitants or less and that maintains both elementary and high school grades under one board. § 79-102 (1) and (2), R. R. S. 1943. Schwanebecks petitioned under section 79-403 (2), R. R. S. 1943, which directs translocation upon satisfaction of certain requirements. One is that petitioner's land must be located in a nonaccredited high school district.

The argument concerns the effect of the election which district No. 33 held under the following authority: "If a Class II district, by a vote * * * at * * * special meeting, shall decide to discontinue the high school and close the same, the district shall thereupon become a Class I district. At such meeting * * * (officers) shall be elected * * *. After such change becomes effective, the district and its officers shall have the powers and be governed by the provisions of law applicable to Class I school districts." § 79-701 (3), R. R. S. 1943.

We read the phrase "nonaccredited high school district" in a context of requirements for translocation of land upon petition. District No. 33, whatever its class or other status, was maintaining nonaccredited high

school grades. It was therefore a nonaccredited high school district within the meaning of section 79-403 (2), R. R. S. 1943. Objectors tacitly concede that Schwanebecks satisfied all other statutory requirements. Translocation of the land ought to have been ordered.

The judgment of the district court is reversed and the cause remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.